IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CATHY HUFFINGTON HALL, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | Civil Action No. 3:25-CV-2380-D |
| § | |
| WILLIAM YARBROUGH, III, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

In this action brought under 42 U.S.C. § 1983, plaintiff Cathy Huffington Hall ("Hall") sues police officer William Yarbrough, III ("Officer Yarbrough") for unlawful arrest, in violation of the Fourth Amendment. Officer Yarbrough has asserted the defense of qualified immunity, and now moves to compel Hall to file a Fed. R. Civ. P. 7(a) reply. For the reasons that follow, the court grants the motion.

I

Hall alleges that Officer Yarbrough unconstitutionally arrested her for the offense of driving while intoxicated ("DWI"). According to her complaint, while attempting to exit a Fourth of July celebration, she was stopped and informed that she was not on a public road. Officer Yarbrough approached her parked car and inquired whether she had been drinking. Hall responded that she had only a "little bit of [white] claw." Compl. ¶ 13 (alteration in original). Officer Yarbrough instructed Hall to exit her vehicle and ordered her to complete standard field sobriety tests. Hall alleges that, although she was not obstructing traffic, had

turned her car off, passed portions of the field sobriety test, and displayed no signs of intoxication, Officer Yarbrough nevertheless arrested her for DWI. Hall was transported to Farmers Branch Jail, but she was released four hours later after her breathalyzer test returned a result of 0.0., indicating no presence of alcohol. Hall then brought this § 1983 action, alleging that Officer Yarbrough had unlawfully arrested her without probable cause. Officer Yarbrough now moves to compel Hall to file a Rule 7(a) reply that specifies why he is not entitled to qualified immunity for his alleged actions. Hall has not responded to the motion, which the court is deciding on Officer Yarbrough's brief, without oral argument.

II

When a public official pleads the affirmative defense of qualified immunity, the case against the official should not proceed unless the plaintiff pleads specific facts that, if true, would defeat the qualified immunity defense. *See Schultea v. Wood*, 47 F.3d 1427, 1433-34 (5th Cir. 1995) (en banc). The *en banc* Fifth Circuit in *Schultea* adopted the use of the Rule 7(a) reply instead of the heightened pleading requirement found in *Elliott v. Perez*, 751 F.2d 1472 (5th Cir. 1985). *See Schultea*, 47 F.3d at 1433.

> When a public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or on its own, require the plaintiff to reply to that defense in detail. By definition, the reply must be tailored to the assertion of qualified immunity and fairly engage its allegations.

*Id.* Here, Hall must allege facts with sufficient precision and specificity to "raise a genuine issue as to the illegality of [Officer Yarbrough's] conduct at the time of the alleged acts."

*Florance v. Buchmeyer*, 500 F.Supp.2d 618, 641 (N.D. Tex. 2007) (Lynn, J.) (quoting *Schultea*, 47 F.3d at 1434). "Vindicating the immunity doctrine will ordinarily require [a Rule 7(a) reply], and a district court's discretion not to do so is narrow indeed when greater detail might assist." *Schultea*, 47 F.3d at 1434.

III

The court grants Officer Yarbrough's motion to compel a 7(a) reply. Hall's complaint anticipates the defense of qualified immunity, but she must plead facts with sufficient precision and specificity to raise a genuine issue as to whether Officer Yarbrough lacked probable cause to arrest her for *any* crime. *Alexander v. City of Round Rock*, 854 F.3d 298, 306 n.3 (5th Cir. 2017) ("[A] police officer is entitled to qualified immunity if he had probable cause to arrest the plaintiff for *any* crime[.]" (emphasis in original)). With respect to Hall's allegation that Officer Yarbrough lacked probable cause to arrest her for DWI, greater detail would assist the court in determining whether existing precedent places that issue beyond debate in the particular circumstances that Officer Yarbrough faced. *See Morgan v. Swanson*, 659 F.3d 359, 371-72 (5th Cir. 2011) (en banc). Moreover, Hall makes only conclusory assertions that she did not commit any traffic violations. Although Hall is not required to analyze every criminal statute, *see Alexander*, 854 F.3d at 306 n.3, she must "fairly engage" Officer Yarbrough's allegations that he had probable cause to arrest her for the traffic violations identified in his Answer. *See Schultea*, 47 F.3d at 1433; *see also* Tex. Transp. Code Ann. § 543.001 (West 1995) ("Any peace officer may arrest without warrant a person found committing a violation of this subtitle.").

Accordingly, under the authority granted in *Schultea*, the court orders that, within 28 days of the date this memorandum opinion and order is filed, Hall must file a Rule 7(a) reply that alleges with particularity all material facts that she contends establish a right to recover under § 1983 against Officer Yarbrough in his individual capacity for the violation of a constitutional or statutory right and why he is not entitled to qualified immunity. *See Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999). The court's November 6, 2025 order staying discovery remains in effect until the court resolves the question whether Officer Yarbrough is entitled to qualified immunity.

\* \* \*

For the reasons explained, the court grants Officer Yarbrough's motion to compel a Rule 7(a) reply. Hall must file a Rule 7(a) reply within 28 days of the date this memorandum opinion and order is filed.

**SO ORDERED**.

December 22, 2025.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE